**SEAMLESS RUBBER CO., Inc., v. STALL & DEAN MFG. CO., Inc.**

Circuit Court of Appeals, First Circuit. March 5, 1928.

No. 2177.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

On petition for rehearing. Denied.
For former opinion, see 23 F.(2d) 820.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. We do not find it necessary to grant plaintiff's petition for a rehearing as to the Taylor reissue patent. We will add a word, however, to what was said in our opinion of January 4, 1928, bearing upon that patent. In its petition the plaintiff states that the Fowkes British patent does not show two structural features of the Taylor reissue patent, and on this account

24 F.(2d)—27

that it is not a complete anticipation. One of the features, which it claims the Fowkes patent does not show, is that its threaded-washer when screwed down on the valve casing will clamp the cover to the bladder. This contention is based on the assumption that the valve casing inserted in the stem of the bladder is not secured thereto, and that, if not secured, the screwing down of the washer would not clamp the cover to the bladder. This assumption, however, is unwarranted, for it involves a denial of a plain declaration of the Fowkes patent that it "secures" the valve casing "inside the neck *cc* of the bladder."

The other structural feature which it contends that the Fowkes patent does not show is that the casing of the valve is secured to the stem of the bladder by cement or vulcanization. It is true that Fowkes speaks of the valve casing as secured "inside the neck *cc* of the bladder," without stating that it is secured there by cement or vulcanization; while Taylor states in his claims that the casing is secured inside the neck or stem, and in his specification that the casing is secured to the stem preferably by cement or vulcanization.

It is not claimed that it was not open to Fowkes to use cement to secure these together; the claim is at the time of his invention the vulcanization of rubber to metal was not known, so that method was not open to him. If the plaintiff's contention in this respect be true, we do not think that it was invention for Taylor, after the vulcanization of rubber to metal became generally known, to adopt that method for securing the rubber stem to the metal casing. As stated in our opinion of January 4, 1928, it was old to secure rubber to metal by cement or vulcanization long prior to Taylor's application for his patent.

The petition for rehearing is denied.